IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| KIRKLAND HUTCHESON, LLC | ) | | |
| | ) | | |
| Debtor. | ) | Case No. 09-62695-ABF-11 | |

**ORDER CONFIRMING AMENDED PLAN**
**(AS MODIFIED AT HEARING ON CONFIRMATION)**

The Amended Plan and Disclosure Statement (the "Plan") under Chapter 11 of the Bankruptcy Code filed by Debtor Kirkland Hutcheson, LLC, on October 4, 2010, having been transmitted to creditors and equity security holders; and

The Court having preliminarily approved the Plan and duly scheduled a hearing on matters including confirmation of the Plan and same having come for hearing before this Court on November 18, 2010. Debtor filed a ballot report indicating Class 6-General Unsecured Claims had cast sufficient ballots in both number and dollar amounts to accept the Plan and the Court finds that the impaired class of general unsecured creditors have accepted the Plan. The ballot report also indicates that Class 2-Secured Claim of Bancorp South voted to accept the Plan as did Class 4-Secured Claim of Jake and Patricia Kirkland. No class voted to reject the Plan. The Court received an announcement from Debtor's counsel and counsel for Bancorp South of a proposed modification to the Plan and specifically the plan treatment of the secured claim of Bancorp South.

Based upon the ballot report and announcements, at the conclusion of the hearing, the Court announced its findings that the requirements for confirmation set forth in 11 U.S.C. Section 1129 had been satisfied, it is therefore, and hereby

ORDERED that:

1. The Amended Plan filed by Debtor Kirkland Hutcheson, LLC on October 4, 2010, is confirmed subject to the following clarified or modified treatments hereby incorporated into and to be a part of the Plan. The Court further finds said treatments do not adversely affect the holders of any class of claims or interest or the feasibility of the Plan and additional notice of or disclosure relating to such modifications or

1

amendments are unnecessary. The modifications or amendments are stated as follows:

      **A.**    **Modified Treatment to Priority Tax Claims.** Article III, Section 3.02(d) Priority Tax Claims shall be and is hereby modified to state and clarify the rights of the parties with respect to any default. The subsection shall be supplemented by adding the following additional paragraph.

      In the event that any of MDOR's claims are not paid in accordance with the terms of the Plan of Reorganization or Confirmation Order, Debtor will be in default. The tax agency shall provide Debtor with written notice of any default by mail. If default is not made good within fifteen (15) days after notification, the entire principal and accrued interest shall at once become due and payable without further notice. The tax agency may thereafter proceed with either or all of the following remedies: (a) enforce the entire amount of its claim under law; (b) exercise any and all its rights and remedies under law; (c) seek such relief as may be appropriate in the Bankruptcy Court.

      **B.**    **Modified Treatment to Priority Tax Claim of Missouri Department of Revenue.** Article III, Section 3.02(d) with respect to the Missouri Department of Revenue, Claim No. 26, in the amount of $1,205.00 shall be and is hereby modified to state and clarify when the installment payment shall be paid by supplementing the table and the column treatment to indicate " the installment shall be paid on the first (1st) day of the first (1st) month following the effective date of the Plan.

      **C**.    **Modified Treatment to Secured Tax Claim of Missouri Department of Revenue.** Article III, Section 3.03(i) shall be and is hereby modified to clarify that payments on MDOR's secured claims will be made monthly.

      **D.**    **Modified Treatment to Claims of Class II-Bancorp South Bank (BCS).** The Plan treatment of the claim of Bancorp South at Article III, Section 3.03(ii) Class 2, shall be deemed amended by deleting the text of the identified class and substituting the following:

      **Class 2 – BancorpSouth Bank (BCS).** This class consists of the claim represented by a promissory note, security agreements and financing statements and a Deed of Trust (herein collectively referred to as "Loan Documents"). As acknowledged in the stipulation between Debtor and BCS for adequate protection and use of cash collateral which was approved by the Bankruptcy Court, on the petition date there was due and owing to BCS principal of $12,188,838.00, accrued interest of $327,744.00, late fees of $2,500.00 for an approximate aggregate total of $12,519,083.00. Pursuant to the Court approved Stipulation for Adequate Protection and Use of Cash Collateral Debtor has been paying adequate protection payments representing interest payments at the rate of 5.5% per annum in the amount of $68,901.00. Bancorp South Bank, as Lender and Kirkland Hutcheson, LLC, as Borrower, shall enter into a second modification of the promissory note ("Second Modification") effective November 18, 2010 containing the following terms and conditions which, together with the Second Modification shall be the restructured claim of Bancorp South.

      1.    Borrower acknowledges that: (1) as of the date of this Second Modification, the total balance due and owing to Lender under the Note is $12,375,054.56 of which $12,188,838.82 is principal; (2) that the amount of monthly installments to be paid are subject to changes in the Rate and as a result, the amount of installments due from one month to the next may change; (3) that Lender will issue payment statements to Borrower based upon the Rate in effect at the time same are issued, and that changes in the Rate during the Calculation Period may result in changes in the amount due each month as otherwise provided herein; and (4) that except as specifically modified herein and through the First Modification, all

other terms of the Note remain unchanged and in full force and effect, and that the principal balance shall be payable in full on March 18, 2034.

    2.    The Note shall be modified by deleting, on page 1, the section entitled "Interest," which shall replaced with the following:

> **INTEREST:** Commencing on November 18, 2010, the unpaid principal balance of this Note shall bear interest at a variable rate equal to the base rate on corporate loans posted by at least seventy percent (70%) of the ten (10) largest U.S. banks as published by the Wall Street Journal, plus two (2) percentage points (the "Rate"). The Rate shall be subject to adjustment without notice to Borrower on May 18, 2011, and every six (6) months thereafter, and will at all times be no less than five percent (5.0%) or more than seven percent (7.0%). Changes in the Rate may change the amount of scheduled payments. The initial rate which will be applied from November 18, 2010 until May 18, 2011 is five and one-quarter percent (5.25%).

    3.    The Note shall be modified by deleting, on page 1, the section entitled "Payments," which shall replaced with the following:

> **PAYMENTS:** Unless accelerated pursuant to the terms hereof, the principal of the Note, together with accrued and unpaid interest on the principal balance of this Note shall be payable as follows:
>
>     a.    A payment of $68,901.06 on November 18, 2010 and a payment of $53,326.17 on December 18, 2010;
>
>     b.    Commencing on December 19, 2010, an interest only period will begin (the "Interest Only Period"). The Interest Only Period will be based upon the calculation methods set forth in the sub-paragraphs below and paid accordingly:
>
> **2011**
> Ten (10) monthly payments commencing on March 18, 2011 and the 18th day each month thereafter through December 18, 2011. The borrower shall not be required to tender payments during the months of January and February, provided that the 10 monthly interest payment to be made by the borrower equal 12 months of accrued interest on the principal balance. Monthly interest payments due for 2011 will be calculated based upon the estimated amount of interest that will accrue on the principal balance between the months of December 19, 2010 through December 18, 2011 divided by ten (10). The payment will be subject to change based on change of interest rate as provided for above.
>
> **2012**
> Ten (10) monthly payments commencing on March 18, 2012 and the 18th day each month thereafter through December 18, 2012. The borrower shall not be required to tender payments during the months of January and February, provided that the 10 monthly interest payments to be made by the borrower equal 13 months of accrued interest on the principal balance. Monthly interest payments due for 2012 will be calculated based upon the

estimated amount of interest that will accrue on the principal balance between the months of December 19, 2011 through December 18, 2012 at the Rate in effect divided by twelve (12) multiplied by thirteen (13) then divided by ten (10). The payment will be subject to change based on change of interest rate as provided for above.

### 2013

Ten (10) monthly payments commencing on March 18, 2013 and the 18th day each month thereafter through December 18, 2013. The borrower shall not be required to tender payments during the months of January and February, provided that the 10 monthly interest payments to be made by the borrower equal 13 months of accrued interest on the principal balance. Monthly interest payments due for 2013 will be calculated based upon the estimated amount of interest that will accrue on the principal balance between the months of December 19, 2012 through December 18, 2013 at the Rate in effect divided by twelve (12), then multiplied by thirteen (13), then divided by ten (10) . The payment will be subject to change based on change of interest rate as provided for above.

### 2014

One (1) payment on March 18, 2014 calculated based upon the accrued interest at the Rate in effect during the period of December 19, 2013 through March 18, 2014, at which time the Interest Only Period will end.

c.      Commencing on March 19, 2014 the Note shall convert to a fully amortizing loan over a term of twenty (20) years ending March 18, 2034 (the "Amortizing Period") payable in monthly installments of principal and accrued interest due on the 18th day of each month commencing on April 18, 2014, and on the 18th day of each month thereafter. The monthly principal and interest payment shall be calculated by amortizing the principal balance over a period of twenty (20) years. Borrower shall not be required to tender payments during the Amortizing Period for the months of January and February, provided however, the ten (10) monthly amortized payments to be made by Borrower each year shall be equal to twelve (12) months of such amortized payments based upon the "Calculation Period". The "Calculation Period" will be based on the Rate in effect during the period of March 19, 2014 through March 18, 2015 and each consecutive period following the initial calculation period until March 18, 2034. The **estimated** payment will be calculated by taking the Rate in effect during the **calculation period** that would equal the total sum twelve (12) amortized payments during the calculation period, based on the 20 year amortization, divided by ten (10).

Borrower acknowledges due to the seasonal payment structure and adjustable Interest Rate, the payment will be estimated during the "Interest Only Period" and during the "Amortizing Period". Based on the above, the payment is subject to change to keep the interest fully paid during the "Interest only Period" and to keep the principal and interest payment equal to a twenty (20) year amortization term during the "amortization period"

4

    d.    Accrued but unpaid interest which is in arrears in the approximate amount of $117,314.68 will be due and payable in full at maturity.

    4.    The Note shall be modified to state the maturity date of the Note to be March 18, 2034.

    5.    Lender and Borrower agree that the terms of all Deeds of Trust, Security Agreements and any other documents executed by Borrower or any Guarantor in connection with the loan evidenced by the Note are hereby incorporated by reference as if fully set forth at length.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

    2.    The Debtor is hereby authorized, empowered and ordered to issue, execute, deliver, file and record any documents or court papers or pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate, and consummate the transactions contemplated by the Plan, whether or not specifically referred to therein and without further application or order of this Court.

    3.    Pursuant to Federal Rule of Bankruptcy Procedure 3021 distribution shall be made to creditors whose claims have been allowed in amounts and at times as fixed by the Plan.

    4.    The provisions of the Plan and this Confirmation Order shall be, and hereby are now, and forever afterwards shall be binding on the Debtor, all holders of Claims and Equity Interests, all other parties in interest, and any other party making an appearance in this Chapter 11 case.

    5.    The Court hereby retains jurisdiction over the Chapter 11 case for all purposes provided for in the Plan.

    6.    The substantial consummation of the Plan, within the meaning of Section 1127 of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

Dated:  December 16, 2010.

                  /s/Arthur B. Federman
                  ARTHUR B. FEDERMAN, U.S. BANKRUPTCY JUDGE

CC -    David Schroeder (for service)